United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Leon Wolt and Debra Wolt, § | |
| § | |
| *Plaintiffs,* § | |
| § | Case No. 4:22-cv-2503 |
| v. § | |
| § | |
| Embankscape Equipment, LLC § | |
| d/b/a RC mowers USA, Kar-Tech § | |
| Inc., Kar-Tech Global, Inc., § | |
| Aries Company, d/b/a Gravely, § | |
| § | |
| *Defendants.* § | |

## ORDER ON MOTIONS TO COMPEL

This is a products liability suit concerning a remote-controlled mower. According to the Complaint, the mower spontaneously activated while Plaintiff Leon Wolt was servicing it, striking and running over him before crashing into a wall. *See* Dkt. 1 at 5.

On March 13, 2024, the Court convened a hearing to address Plaintiffs Leon Wolt and Debra Wolt's motions to compel discovery from Defendant Embankscape Equipment, LLC ("Embankscape") and Defendants Kar-Tech Inc. and Kar-Tech Global, Inc. ("Kar-Tech"), Dkt. 40, 41, to which Embankscape and Kar-Tech had filed responses, Dkt. 44, 45. The following memorializes the Court's oral rulings.

***Motion to compel against Embankscape***. Plaintiffs and Embankscape announced that they largely resolved the discovery disputes detailed in Plaintiffs' motion. Only two issues remained outstanding.

The first concerned Embankscape's objection to Request for Production No. 17, which seeks documents regarding post-accident changes to the design of the parking brake, actuators, or commercial mower remote. *See* Dkt. 41-1 at 6 (RFP No. 17). Embankscape objected on the grounds that information about subsequent remedial measures is inadmissible. *See id.*; *see also* Dkt. 45 at 2. Federal rules, however, provide that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Moreover, post-incident design changes can be admissible at trial if the feasibility of a reasonable alternative design is disputed. *See Grenada Steel Indus., Inc. v. Ala. Oxygen Co.*, 695 F.2d 883, 888 (5th Cir. 1983). It is therefore **ORDERED** that Plaintiffs' motion to compel is **GRANTED** with respect to documents sought through RFP No. 17.

Regarding the second issue, the parties dispute whether an email dated August 31, 2020 between Embankscape's principal and employee, to which counsel was also included as a recipient, constitutes a privileged attorney-client communication. *See* Dkt. 45 at 2 (describing this email). The parties agreed to have the Court review this email *in camera*. It is **ORDERED** that Embankscape must deliver a hard copy of the August 31, 2020 email to the

Court no later than **March 20, 2024**. The Court will evaluate Embankscape's assertion of privilege and determine whether the email must be produced.

In all other respects, Plaintiffs' motion to compel production from Embankscape (Dkt. 41) is **DENIED AS MOOT**.

*<u>Motion to compel against Kar-Tech</u>*. As stated at the hearing, Kar-Tech's objections to the discovery requests are not well-taken. For the following reasons, the Court **GRANTS** Plaintiffs' motion to compel (Dkt. 40) and **ORDERS** that (1) Kar-Tech provide amended discovery responses that remove its objections and produce the requested information; and (2) the parties submit an agreed stipulated confidentiality and protective order for the Court's review, no later than **March 20, 2024.**

First, Kar-Tech's responses to discovery impermissibly rely on rote and non-specific objections that Plaintiffs' requests are "overly broad, vague, ambiguous, and ... not relevant to any claim or defense, and ... disproportional to the needs of the case." *See, e.g.*, Dkt. 40-2 at 10-11 (responses to RFP Nos. 23-25). "To be abundantly clear, a party may not provide a laundry list of general or boilerplate objections in response to discovery requests. Asserting these objections is tantamount to making no objection at all." *Shintech Inc. v. Olin Corp.*, 2023 WL 6807006, at *4 (S.D. Tex. Oct. 16, 2023) (striking boilerplate objections); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (deeming similar boilerplate

3

objections inadequate to object to a request for a production).

Moreover, Kar-Tech's responses do not comply with its obligation to "state whether any responsive materials or being withheld on the basis of the objection." *See* Fed. R. Civ. P. 34(b)(2)(C). This problem is compounded by Kar-Tech's statements that it was producing *some* documents "subject to" its objections, *see, e.g.*, Dkt. 40-2 at 11 (response to RFP No. 25), which injects further confusion as to whether were withheld because of an asserted objection. *See Shintech Inc.*, 2023 WL 6807006, at *5 ("[L]itigants should never use 'subject to' or 'without waiver" language in response to a written discovery request."); *see also, e.g.*, *Nerium Skincare, Inc. v. Olson*, 2017 WL 277634, at *2 (N.D. Tex. Jan. 20, 2017) ("[R]esponding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure") (internal quotation marks omitted), *adopted sub nom. by Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017). Complicating matters further, Plaintiffs showed that some of the documents that Kar-Tech produced "subject to" its objections are wholly unresponsive to the particular request. *See* Dkt. 40 at 10. Kar-Tech's boilerplate objections are hereby stricken.

Second, Kar-Tech's further objection that certain discovery requests seek irrelevant confidential or trade-secret information regarding the design of the

subject mower's remote-control system provides no basis for withholding the requested information. *See generally* Dkt. 44. Kar-Tech's non-specific relevance objection—which was not adequately preserved, *see supra* at 3—relies on its own view of how the accident occurred. *See id.* at 5 (arguing that certain components did not cause the accident). But Plaintiffs are entitled to discovery to determine *whether* the accident occurred as Kar-Tech maintains. The design of the mower's remote-control system lies at the heart of Plaintiffs' design-defect claims. This information is plainly relevant.

Kar-Tech also insists that producing the requested documents renders the information vulnerable to inadvertent disclosure or acquisition by 'some sort of espionage or hacking ....'" Dkt. 44 at 6. That speculation cannot provide a basis for resisting discovery. Otherwise, any party could withhold similar information in every case. Instead, "[c]oncerns regarding confidential, proprietary or trade secret information may readily be addressed through issuance of a protective order." *Childers v. Rent-A-Car E., Inc.*, 2024 WL 1050501, at *7 (E.D. La. Mar. 11, 2024) (overruling objections to production). This is doubly true, given that Plaintiffs are not Kar-Tech's competitors. *See de Leon v. Flavor & Fragrance Specialties, Inc.*, 2013 WL 12142574, at *2 (E.D. Tex. Sept. 30, 2013) ("[D]isclosure to a non-competitor, as is the case here, is presumptively less harmful than disclosure to a competitor."). The parties are therefore **ORDERED** to submit a proposed confidentiality and protective

5

order that will govern the exchange of confidential and trade-secret information, including the process and burden of proof for challenging any designations of documents as confidential. But the mere status of information as confidential, proprietary, or a trade secret does not entitle Kar-Tech to withhold it from discovery.

Finally, Plaintiffs note that Kar-Tech's responses to certain interrogatories and requests for production are incomplete. Consistent with the rulings above, Kar-Tech must promptly serve amended responses that fully answer the interrogatories, remove its boilerplate objections, and produce the requested information.

Signed on March 13, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge