Case 4:22-cv-02503   Document 49   Filed on 03/25/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Leon Wolt and Debra Wolt, § § § *Plaintiffs,* § § § v. § § Embankscape Equipment, LLC § d/b/a RC Mowers USA, Kar-Tech § Inc., Kar-Tech Global, Inc., and § Aries Company, d/b/a Gravely, § § § *Defendants.* § | Case No. 4:22-cv-2503 |

## SECOND ORDER ON MOTION TO COMPEL

Pursuant to the Court's prior discovery order, Dkt. 46, Defendant Embankscape Equipment LLC ("Embankscape") submitted an email string dated August 31, 2020 for *in camera* review. Embankscape stated that it had withheld this document because its legal counsel was included "as a recipient of the message." Dkt. 45 at 2. Having reviewed the email chain,[1] the Court concludes that the communications are not privileged.

The attorney-client privilege only protects communications made between a client and its attorney for the purpose of obtaining, facilitating, or

---

[1] Embankscape submitted two copies of the email chain, the longer concluding with an email from counsel to everyone on the chain. The ruling herein applies to both versions.

providing legal services. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 720-21 (5th Cir. 1985). None of the communications in the email chain seek, facilitate, or provide legal advice.

In addition, the communications included not only Embankscape's principal and its attorney, but were also sent to a third party—a principal of Kar-Tech, Inc. The attorney-client privilege "is waived by disclosure of confidential communications to third parties." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). Embankscape has neither articulated nor proved any exception to that rule. By sending the communications to Kar-Tech, any purported claim of attorney-privilege was waived.

Embankscape's invocation of the work product privilege entails different rules. Work product protections extend to "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). On its face, this rule reaches qualified materials prepared by a party's representative—not just its counsel. *See id.* And unlike the attorney-client privilege, "the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). But the privilege is waived if the disclosure "has substantially increased the opportunities for potential adversaries to obtain the information." *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (internal

quotation marks omitted).

Here, the original email from Embankscape's principal to Kar-Tech's representative fits the definition of work product, as it includes impressions of the underlying incident and posits factual theories in the face of threatened litigation by a workers compensation insurance carrier. Nevertheless, Embankscape's and Kar-Tech's interests were not entirely aligned. Whereas Embankscape sold the subject mower, Kar-Tech manufactured the components that allegedly malfunctioned. This made Kar-Tech a potential adversary in the anticipated workers compensation litigation. *See, e.g.*, *In re Sanchez Energy Corp.*, 2022 WL 17586713, at *7 (Bankr. S.D. Tex. Dec. 12, 2022) (conflicting interests made two entities "*potential* adversaries to whom work product has been disclosed"). Accordingly, by sending the email to its potential adversary, Embankscape waived any work product privilege.

It is therefore **ORDERED** that Plaintiffs Leon Wolt's and Debra Wolt's motion to compel production of Embankscape's August 31, 2020 email chain (Dkt. 41 at 8) is **GRANTED**.

Signed on March 25, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

3