IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Leon Wolt and Debra Wolt, § § § | | |
| *Plaintiffs*, § § | | Civil Action No. 4:22-cv-02503 |
| v. § § | | |
| Embankscape Equipment, LLC § d/b/a RC Mowers USA, Kar-Tech, § Inc., Kar-Tech Global, Inc., and § Ariens Company, d/b/a Graveley, § § | | |
| *Defendants*. § | | |

## ORDER ON MOTION TO QUASH

Plaintiffs Leon and Debra Wolt filed two motions to quash, and for protective orders to prevent, certain depositions primarily because the notices were served after the December 15, 2024 deadline for completing discovery. *See* Dkt. 95, 103 (Plaintiffs' motions); Dkt. 55 (Amended Docket Control Order). Both notices of deposition were served by Defendants Kar-Tech Inc. and Kar-Tech Global, Inc. (collectively, "Kar-Tech"). Plaintiff's motions were referred to the undersigned judge. *See* Dkt. 96, 104.

The first motion challenges Kar-Tech's December 17, 2024 notice of deposition for Terry McDaniel, an employee of Kinloch Equipment & Supply,

which was noticed for January 22, 2025.[1] Dkt. 95; Dkt. 95-1 at 1. The second challenges Kar-Tech's January 3, 2025 notice to depose Mark Brinkler, M.D., a physician who treated Mr. Wolt's injuries.[2] *See* Dkt. 103-1 (notice). Dr. Brinkler's deposition was scheduled to occur on February 5, 2024. *See id.* In response, Kar-Tech has sought leave to conduct these depositions. *See* Dkt. 98 at 2-3; Dkt. 106 at 4-5.

There is no dispute that both notices of deposition were served after the deadline specified in the Court's Amended Docket Control Order. *Compare* Dkt. 95-1 (McDaniel notice, served December 17, 2024); Dkt. 103-1 (Brinkler notice, served January 3, 2025), *with* Dkt. 55 (December 15, 2024 deadline for completing discovery). That means Kar-Tech would need to show "good cause" to justify amending the deadline and permit the post-deadline depositions. *See* Fed. R. Civ. P. 16(b) (scheduling order "may be modified only for good cause and with the judge's consent").

Good cause is met when the party seeking relief shows that "the deadlines cannot reasonably be met despite the diligence of the party needing

---

[1] The parties have not indicated whether McDaniel's deposition occurred. The Court thus assumes that the deposition has been deferred pending a ruling on whether it can proceed.

[2] Plaintiffs' motion also challenged the deposition notice for Thomas Hysler, M.D. and the subpoena for production of documents from Drs. Hysler and Brinker. *See* Dkt. 103 at 4-5. Those issues are moot because Kar-Tech has withdrawn its requests to depose Dr. Hysler and obtain documents from Dr. Brinker. *See* Dkt. 106 at 1-2.

the extension." *S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). "Mere inadvertence ... and the absence of prejudice to the non-movant are insufficient to establish good cause." *See Francis v. Prof'l Compounding Ctrs. of Am., Inc.*, 2020 WL 13613371, at *1 (S.D. Tex. Jan. 28, 2020). Courts can consider four factors to determine if good cause exists: (1) the explanation for the party's failure to timely comply with the scheduling order; (2) the importance of the requested modification; (3) the potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *See Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019); *S&W Enters., LLC*, 315 F.3d at 536.

Kar-Tech's responses do not acknowledge the good cause standard for obtaining leave to modify the discovery deadline and conduct further depositions. Nor has Kar-Tech shown good cause for allowing those depositions.

Regarding Terry McDaniel, Kar-Tech concedes that it obtained information during Mr. Wolt's deposition on August 1, 2024, indicating that McDaniel is someone "with knowledge of relevant facts." Dkt. 98 at 2 n.2. Kar-Tech offers no justification for waiting another eight months to seek McDaniel's deposition. Kar-Tech also fails to indicate that McDaniel's anticipated testimony is so important that should be allowed at this juncture.

3

Kar-Tech cannot rely on other ongoing depositions to justify taking a McDaniel's belated deposition. Most of those depositions were ordered to be re-deposed because of Kar-Tech's failure to timely produce relevant documents. *Compare* Dkt. 106 at 3 n.3 (identifying Hasan Karbassi, Jason Lopez, and Michael Brandt), *with* Dkt. 79 at 4 (October 2, 2024 order). And the fact that expert depositions soon will occur only underscores why *fact* depositions like McDaniel's should have been completed well beforehand, particularly when Kar-Tech had ample notice that McDaniel's testimony could be pertinent to the issues in this suit. As Plaintiffs aptly note, allowing Kar-Tech to increase on the number of post-deadline depositions while the joint pretrial order deadline looms large on February 14, 2025, will only complicate and impede their ability to prepare this case for trial. *See* Dkt. 105 at 2. No good cause exits for allowing McDaniel's deposition.

As for Dr. Brinker, Kar-Tech notes that it requested his deposition on November 13, 2024. *See* Dkt. 106-1 at 1. But Kar-Tech waited until after the discovery deadline expired to follow-up on that request. *See id.* at 2 (December 17, 2024 email requesting date to depose Dr. Brinker). This does not demonstrate diligence in seeking Dr. Brinker's deposition.

As for the importance of the deposition, Kar-Tech asserts that Dr. Brinker's testimony, as Mr. Wolt's treating physician, would "add credibility and greater insight" into Mr. Wolt's prognosis, insinuating that this "explains

4

Plaintiffs' resistance to his deposition." Dkt. 106 at 4. These assertions notably lack specifics. Moreover, Kar-Tech's contentions do not outweigh the prejudice of further ballooning the number of depositions that are ongoing, just a few weeks before the joint pretrial order is due. Extending the deadline for the joint pretrial order, even if the Court would consider such an extension, also would not cure the prejudice of increasing the time and expense of adding yet more depositions to the parties' already-extensive list. *See, e.g.*, *Francis*, 2020 WL 136133741, at *2 (making similar observation to find no good cause for post-deadline depositions). Kar-Tech's lack of diligence and the evident prejudice to Plaintiffs militates against finding good cause to permit Dr. Brinker's untimely deposition.[3]

Notably, too, the Court is not blind to the fact that Kar-Tech has dragged its feet through the entire discovery process. Kar-Tech's multiple failures to comply with discovery obligations ultimately led to the imposition of sanctions. *See* Dkt. 46 at 3-6 (March 13, 2024 order granting Plaintiffs' motion to compel production from Kar-Tech); Dkt. 68 at 2-3 (July 11, 2024 order granting Plaintiffs' second motion to compel); Dkt. 79 (October 2, 2024 order granting Plaintiffs' motion for sanctions); Dkt. 88 (ordering Kar-Tech to pay $6,241.02

---

[3] Kar-Tech notes that it intends to subpoena McDaniel to testify at trial if he cannot be deposed. *See* Dkt. 98 at 2. The same avenue is available with respect to Dr. Brinker.

5

as sanctions). The Court will not permit yet more discovery delays caused by Kar-Tech's lack of diligence.

Accordingly, it is **ORDERED** that Plaintiffs' motions to quash and for a protective order to preclude the untimely depositions of Terry McDaniel (Dkt. 95) and Mark Brinker, M.D. (Dkt. 103) are **GRANTED**.

It is further **ORDERED** that Defendants Kar-Tech, Inc. and Kar-Tech Global Inc.'s requests for leave to take those depositions (Dkt. 98, 106) are **DENIED**.

Signed on January 23, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge