United States District Court
Southern District of Texas
**ENTERED**
January 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Leon Wolt and Debra Wolt, | § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| | | Civil Action No. 4:22-cv-02503 |
| v. | | |
| Embankscape Equipment, LLC d/b/a RC Mowers USA, Kar-Tech Inc., and Kar-Tech Global, Inc., | | |
| *Defendants*. | | |

### ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

On January 2, 2025, Plaintiffs Leon and Debra Wolt filed a second motion to compel certain discovery from Defendant Embankscape Equipment, LLC d/b/a RC Mowers USA ("RC Mowers"). Dkt. 93; *see also* Dkt. 111 (referring motion). Two categories of information are at issue.

According to the motion, RC Mowers's submission of a motion for leave to designate Mr. Wolt's employer, Kinloch Equipment & Supply ("Kinloch"), as a responsible third party (Dkt. 86) warrants compelling RC Mowers to produce relevant documents regarding RC Mowers's service training that was provided or scheduled to be provided to Kinloch. *See* Dkt. 93 at 1-2. RC Mowers does not dispute that this information is relevant and discoverable and agrees to "produce additional documents, if any, that exist." Dkt. 108 at 1. It is

**ORDERED** that, by **February 10, 2025**, which is less than a week before the deadline for filing the joint pretrial order, *see* Dkt. 55 at 2, RC Mowers must produce all such documents, including communications, related to training provided or originally scheduled to be provided for Kinloch or its employees. In light of RC Mowers's agreement, Plaintiffs' motion to compel production of this information is **DENIED AS MOOT**.

As their second issue, Plaintiffs assert that RC Mowers failed to timely respond to their third round of interrogatories and requests for production of documents, which were served on November 12, 2024. *See id.* at 3. Those latest discovery requests seek RC Mowers's financial information that is relevant to Plaintiffs' request for punitive damages. *See id.* at 3-4.

RC Mowers acknowledges that its objections to Plaintiffs' third requests for production of documents were untimely but asks the Court to consider its objections anyway. Dkt. 108 at 2. Its tardy assertion that this information implicates privacy concerns—even if considered—is insufficient to avoid producing the requested documents.[1]

---

[1] Although RC Mowers laundry-listed other objections in its belated discovery responses, *see* Dkt. 93-3 at 3, 6, it has not renewed them in response to Plaintiffs' motion to compel. The Court deems those other objections to be waived, both because they were untimely asserted, *see SS Charter Marine Corp. v. Unico Marine Servs. LLC*, 2024 Wl 3166939, at *1 (S.D. Tex. June 25, 2024) (failure to timely respond to discovery requests waives a party's objections, citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)), and because RC Mowers has failed to invoke those objections here.

Plaintiffs' request for exemplary damages places RC Mowers's net worth at issue. *See Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1998) (orig. proceeding) (holding that net worth information "is relevant to the issue of punitive or, as they are sometimes called, exemplary damages and therefore discoverable"), *overruled on other grounds*, *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). It matters not that RC Mowers has moved for summary judgment on Plaintiffs' gross negligence claim. Neither Texas courts nor federal courts applying Texas law require a party to make a preliminary showing of entitlement to punitive damages before allowing net-worth discovery. *See, e.g.*, *Smith v. Detar Hosp. LLC*, 2011 WL 6217497, at *8 (S.D. Tex. Dec. 14, 2011) (collecting numerous Texas and federal opinions for this principle). Given that discovery closed last month—and the deadlines for the joint pretrial order and docket call are approaching quickly, *see* Dkt. 55—RC Mowers cannot justify its request to delay this discovery until its motion for summary judgment is resolved.

It is therefore **ORDERED** that RC Mowers's objections to Plaintiffs' Third Interrogatories and Third Requests for Production are **OVERRULED**, and Plaintiffs' request to compel full responses to those discovery requests is **GRANTED**. RC Mowers must serve its amended responses to those discovery requests, without any objections, by **February 10, 2025**.

Signed on January 28, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge