United States District Court
Southern District of Texas
**ENTERED**
February 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Leon Wolt and Debra Wolt, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | Civil Action No. 4:22-cv-02503 |
| Embankscape Equipment, LLC d/b/a RC Mowers USA, Kar-Tech Inc., Kar-Tech Global, Inc., and Ariens Company, d/b/a Gravely, | § § § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTION TO DESIGNATE RESPONSIBLE THIRD PARTY

On November 21, 2024, Defendant Embankscape Equipment, LLC d/b/a RC Mowers USA ("RC Mowers") filed a motion for leave to designate Kinloch Equipment & Supply, Inc. ("Kinloch") as a responsible third party under Tex. Civ. Prac. & Rem. Code § 33.004. Dkt. 86. That non-dispositive motion was referred to the undersigned judge. Dkt. 104. After carefully considering the motion, the response, Dkt. 87, the record, and the applicable law, the Court grants RC Mowers's motion.

### Background

This is a personal injury suit stemming from an accident involving a riding mower originally manufactured by Defendant Ariens Company, d/b/a

Gravely ("Gravely"), which RC Mowers modified, marketed, and sold as a remote-controlled version. *See* Dkt. 1 at 3-4. The transmitter was manufactured and sold by Defendants Kart-Tech, Inc., Kar-Tech Global, Inc. (collectively "Kar-Tech"), or both. *Id.* at 4. One of RC Mowers's dealers for the remote-controlled mower is Kinloch, the entity that employed Plaintiff Leon Wolt. *See id.*

According to the complaint, Wolt performed a service update on an RC Mowers remote-controlled mower (Model TK-52XT). *See id.* at 5. Wolt alleges that he followed RC Mowers's instructions when removing, replacing, and calibrating the actuators on the mower. *See id.* When attempting to operate the mower with the Kar-Tech transmitter, however, the mower did not move. *Id.* Wolt then returned the actuators to a neutral position and released the manual parking brake. *Id.* Upon doing so, the mower suddenly began to travel, knocking Wolt to the ground, driving over him, fracturing his lower extremities, and causing permanent injuries. *See id.* at 5-6.

Wolt and his wife, Debra Wolt (collectively, "Plaintiffs"), filed this products liability and negligence suit against RC Mowers, Kar-Tech, and Gravely. Dkt. 1. Soon thereafter, this Court dismissed all claims against Gravely. Dkt. 16 (granting Dkt. 6).

The latest scheduling order directed the parties to complete discovery by December 15, 2024 and file all dispositive and non-dispositive motions by

January 15, 2025. Dkt. 55. About three weeks before the discovery deadline, RC Mowers filed a motion requesting leave to designate Kinloch as a responsible third party. Dkt. 86 (filed November 21, 2024). As the factual basis for its motion, RC Mowers cited portions of Wolt's August 1, 2024 deposition, alleging his testimony suggests that Kinloch's failure to provide adequate supervision and training to Wolt was a proximate cause of his injuries. *See id.* at 2-3. Wolt filed an opposition to RC Mowers' motion, arguing that the motion was untimely filed less than thirty days before the close of discovery. Dkt. 87 at 2.

While the motion for leave was pending, the parties also filed several motions concerning discovery and other issues. Most pertinent here, Plaintiffs filed a motion to compel RC Mowers to produce documents, emails, and other correspondence reflecting RC Mowers's training materials and information that was provided to Kinloch, including whether training occurred or was cancelled. *See* Dkt. 93 at 2-3. Plaintiffs explained that this information is material, given RC Mowers's request to designate Kinloch as a responsible third party. *See id.* at 1. The Court subsequently directed Kinloch to produce the requested information by February 10, 2025. *See* Dkt. 113 at 1-2.

## Analysis

Plaintiffs contend that RC Mowers's motion for leave to designate Kinloch as a responsible third party should be denied as untimely filed with

3

insufficient time for Plaintiffs to obtain pertinent discovery before the discovery period closed. Dkt. 87 at 2. But Plaintiffs acknowledge that district courts have reached different conclusions on what the pertinent deadline is for suits filed in federal court. *See id.* at 2-3. Prior decisions by this Court, however—which Plaintiffs fail to cite—indicate that RC Mowers timely filed its motion for leave before the motions deadline specified in the scheduling order. This Court adheres to those decisions.

For all actions "based on tort," Texas's proportionate responsibility regime requires the trier of fact to apportion responsibility among each claimant, defendant, settling person, and "responsible third party designated under Section 33.004." Tex. Civ. Prac. & Rem. Code §§ 33.002(a)(1), 33.003(a). The term "responsible third party" includes "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought ...." *Id.* § 33.001(6). Once a responsible third party has been designated, a subsequent finding of fault against that third party does not itself impose liability on that third party, nor can it be used to do so "on the basis of res judicata, collateral estoppel, or any other legal theory ...." *See id.* § 33.004(i). The statute provides that a motion for leave to designate a responsible third party "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.* § 33.004(a). A court must grant the motion for leave unless the

4

objecting party establishes that the defendant failed to plead sufficient facts concerning the third party's alleged responsibility. *See id.* § 33.004(g).

"District courts in the Fifth Circuit have found that Texas's proportionate responsibility statute, Tex. Civ. Prac. & Rem. Code § 33.004, is not in conflict with the Federal Rules of Civil Procedure and can therefore apply substantively in a diversity case." *Vecron Exim Ltd. v. XPO Logistics, Inc.*, 2019 WL 2025206, at *4 (S.D. Tex. May 8, 2019); *accord Gutierrez v. Tractor Supply Co.*, 2018 WL 3055752, at *1 (S.D. Tex. June 20, 2018). But Texas federal courts have also concluded—although not uniformly—that the state-law deadline for seeking leave to designate a responsible third party "is a procedural requirement that does not govern the timeliness of such a motion in federal court." *See Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 2011 WL 5920930, at *2 (S.D. Tex. Nov. 28, 2011) (collecting authorities); *see also Coachmen Indus., Inc. v. Alt. Serv. Concepts L.L.C.*, 2008 WL 2787310, at *1 & n.5 (S.D. Tex. July 15, 2008) (deeming "the sixty-day requirement procedural and, hence, not binding on this Court"). *But see, e,g., Argent Holdings LLC v. E. El Paso Physicians Med. Ctr. LLC*, 2018 WL 1915085, at *4 (W.D. Tex. Apr. 23, 2018) (holding that the 60-day deadline is substantive). Under the current majority view, "the timeliness of the motion is governed by the scheduling order mandated by Federal Rule of Civil Procedure 16(b)."

*Crompton Greaves, Ltd.*, 2011 WL 5920930, at *2. The Court follows that view, and Plaintiffs do not dispute that this Court's scheduling order controls.

The question of which deadline in the scheduling order applies, however, has spawned different conclusions. Plaintiffs cite one recent decision from elsewhere in Texas that concluded a motion for leave to designate a responsible third party must be filed by the deadline for joining new parties.[1] *See Guadian v. Americor Funding LLC*, 724 F. Supp. 3d 668, 673 (W.D. Tex. 2024); Dkt. 87 at 2 (citing *Guadian*). There, the court declined to apply the dispositive-motions deadline, largely due to the non-movant's potential need to obtain further discovery that would enable it to challenge the designation. *See id.* at 671; Tex. Civ. Prac. & Rem. Code § 33.004(*l*) ("After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage).

But decisions from this Court and numerous others have instead applied the deadline specified for motions when assessing the timeliness of a motion for leave to designate a responsible third party. *See BMSH I Katy TX, LLC v. Smith, Seckman, Reid, Inc.*, 2024 WL 5373169, at *3 (S.D. Tex. Nov. 5, 2024)

---

[1] Some other courts have suggested that the joinder deadline applies, albeit without analyzing the issue. *See, e.g., EH Nat'l Bank v. Tran*, 2016 WL 4138634, at *2 (N.D. Tex. Aug. 4, 2016) (indicating that motion for leave filed before the modified joinder deadline was timely).

6

(applying pre-trial motions deadline and holding that motion for leave was timely filed); *Rockwell v. Parker Drilling Mgmt. Servs., Ltd.*, 2020 WL 11563093, at *3 (S.D. Tex. Dec. 15, 2020) (deeming untimely a motion for leave that was filed four months after the dispositive motions deadline); *Langen v. Spine Wave, Inc.*, 2020 WL 13441594, at *2 (S.D. Tex. Jan. 13, 2020) (citing with approval cases applying the motions deadline and finding the joinder deadline inapplicable); *Crompton Greaves, Ltd.*, 2011 WL 5920930, at *2 (applying pretrial motions deadline); *see also, e.g.*, *Hayes v. Lock Supply Co.*, 2024 WL 1258369, at *6 (W.D. Tex. Mar. 25, 2024) (collecting decisions from the same court that require motions for leave to be filed by the dispositive motions deadline); *Am. Home Assur. Co. v. Medina*, 2022 WL 1957807, at *2 (W.D. Tex. June 6, 2022) (recommending that the motion for leave be granted, including because it was timely filed before the dispositive motions deadline); *Al-Khawaldeh v. Tackett*, 2021 WL 5986053, at *4 (W.D. Tex. Dec. 16, 2021) (applying dispositive motions deadline); *Wright v. Bronco Drilling, Co.*, 2008 WL 11443097, at *5 (E.D. Tex. May 23, 2008) (declining to apply joinder deadline). Those decisions reason that a designation under Section 33.004(a) does not formally join a responsible third party but, instead, allows fault to be apportioned to that third party. *See, e.g.*, *Wright*, 2008 WL 11443097, at *5 (noting this change through 2003 amendments to Chapter 33).

This Court declines to break from prior decisions by this Court and concludes that RC Mowers timely filed its motion for leave to designate Kinloch well before the motions deadline set in the scheduling order. Moreover, the record of these proceedings undermines Plaintiffs' concerns.

For instance, Plaintiffs argue that the timing of RC Mowers's motion for leave—filed less than 30 days before discovery closed—rendered them unable to both serve and receive discovery responses pertinent to Kinloch's claimed responsibility for Wolt's injuries. *See* Dkt. 87 at 3. But as Plaintiffs acknowledge, RC Mowers's initial disclosures explicitly identified Kinloch as having pertinent information, *see id.* at 4; Dkt. 87-1 at 2, which put Plaintiffs on notice that discovery regarding Kinloch's involvement was fair game. In addition, this Court granted Plaintiffs' post-deadline request for discovery pertinent to Kinloch's potential role as a responsible third party. *See* Dkt. 113 at 1-2. This undercuts Plaintiffs' position that allowing Kinloch's designation would thwart their ability to obtain information relevant to Kinloch's involvement. Plaintiffs also have not articulated what additional discovery they would need, apart from what the Court has directed RC Mowers to produce. Plaintiffs therefore have not shown that permitting the designation would prejudice them.

Accordingly, the Court overrules Plaintiffs' timeliness objection to RC Mowers's motion. And Plaintiffs have mounted no other objection to RC

Mowers's request. The Court therefore concludes that RC Mowers is entitled to designate Kinloch as a responsible third party.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Embankscape Equipment, LLC, d/b/a RC Mowers USA's motion for leave to designate Kinloch Equipment & Supply, Inc. as a responsible third party (Dkt. 86) is hereby **GRANTED**.

Signed on February 5, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge